21015. AMERICAN SURETY COMPANY OF NEW YORK *v.* CITIZENS BANK OF COLQUITT.

STEPHENS, J. 1. All persons dealing with public officials are chargeable with the limitations upon the authority of such officials. A bank, when dealing with a county superintendent of schools and making a loan to

58

the county board of education through him as the board's agent to negotiate the loan, was chargeable with notice of the fact that the county board of education had not, by resolution as required by law, authorized the loan, and that therefore any representations made by the county superintendent of schools to the bank with reference to his authority to make the loan and receive the money were not true, and that a certificate signed by him as secretary of the county board of education, certifying to the passage of a resolution by the board, authorizing him to obtain an advancement of money for and in behalf of the board, was false wherein it contained a certification of the passage of such resolution. Ga. L. 1919, pp. 288, 322, 328; 8 Park's Code, §§ 1437(g), 1437(v), 1437(aa); Michie's Code, §§ 1551(87), 1551(103), 1551(108). Therefore, where the county superintendent of schools appropriated to his own use the money thus obtained, and the county board of education incurred no legal liability to the bank for the money, and the bank thereby sustained a loss, the loss to the bank was not due to the conduct of the superintendent of schools in making misrepresentations to the bank, but was due to the act of the bank in parting with the money without ascertaining, or without taking notice of, the lack of authority in the county superintendent of schools from the county board of education to negotiate the loan and to receive the money for and in behalf of the board. *Citizens Bank* v. *Seminole County Board of Education*, 170 *Ga.* 654 (153 S. E. 768). It is therefore immaterial whether the acts of the county superintendent of schools, in making the false representations to the bank and in obtaining from the bank the money for and in behalf of the county board of education, were done by virtue of the office of the superintendent of schools or under color thereof.

2. In a suit by the bank to recover for the loss sustained, brought against the surety upon the official bond of the county superintendent of schools, which was conditioned upon the faithful discharge of "all and singular the duties required of him by virtue of said office," the petition failed to set out a cause of action and the court erred in overruling the demurrer thereto. See Ga. L. 1925, p. 250; Park's Code, §§ 1437(nn), 1440(e), Michie's Code, §§ 1551(122), 1551(168); Ga. L. 1919, pp. 288, 332.      *Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 16, 1931.

*Martin, Martin, Snow & Gillen,* for plaintiff in error.
*N. L. Stapleton, H. A. Wilkinson,* contra.